# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| Robert Scott Harris, | ) | CASE NO. 1: 23 CV 1400 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE PATRICIA A. GAUGHAN |
| v. | ) | |
| | ) | |
| Donley's Inc., | ) | <u>Memorandum of Opinion and Order</u> |
| | ) | |
| Defendant. | ) | |

## Introduction and Background

*Pro se* plaintiff Robert Scott Harris has filed a civil Complaint in this action against his former employer Donley's Inc. ( "Donley's").  (Doc. No. 1.)  In his "Statement of Claim," he contends Donley's acted unlawfully by requiring him to complete an IRS W-4 tax withholding certificate using his social security number as identification.  (*Id*. at 2-3.)  His Complaint is largely unclear, and the only claim apparent on the face of his pleading is a claim that Donley's engaged in a "negligent act" in requiring him to provide an IRS W-4 tax withholding certificate.  He contends this caused him and his family "injury and losses" and created "liabilities" for him.  (*Id*. at 3.)  He seeks $30,000,000.00 in damages.

Donley's has filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Civil Procedure Rule 12(b)(6).  (Doc. No. 4.)  Donley's contends plaintiff's Complaint fails to state a claim upon which he may be granted relief because federal law requires employees to provide

employers with withholding allowance certificates, and plaintiff has not identified any statute or legal authority demonstrating that Donley's use of the IRS W-4 form for such purpose is unlawful.  *See* Doc. No. 4-1 at 3, citing 26 U.S.C. § 3402(f)(2)(A) and 26 C.F.R. § 31.3402(f)(2)-1(a)(1).   In addition, Donley's demonstrates in its motion that federal law provides that employers cannot be liable for withholding an employee's taxes from his wages.  (*Id.* at 3-4, citing cases.)

Plaintiff has filed a response to Donley's motion and a Motion to Amend his Complaint (Doc. No. 11), as well and various requests for proceedings and discovery.

### Standard of Review and Discussion

When a plaintiff is proceeding without the assistance of counsel, a court is required to construe her complaint indulgently and hold it to a less stringent standard than a formal pleading drafted by a lawyer.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).   Nonetheless, even *pro se* plaintiffs must satisfy basic pleading requirements, and courts are not required to conjure allegations on their behalf.  *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if it fails to state a claim upon which relief can be granted.  To survive a dismissal under Rule 12(b)(6), a complaint "must present 'enough facts to state claim to relief that is plausible on its face'" when its factual allegations are presumed true and all reasonable inferences are drawn in the non-moving party's favor.  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

-2-

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (internal quotation marks omitted).

Upon review, the Court agrees with Donley's that plaintiff's Complaint warrants dismissal under Fed. R. Civ. P. 12(b)(6) for the reasons Donley's states in its motion.  Federal law requires employees to provide employers with withholding allowance certificates, and neither plaintiff's Complaint, nor his opposition brief or Motion to Amend, sets forth a cogent response to Donley's arguments or identifies any federal statute or law that allows him to sue his employer for utilizing the W-4 form, or for withholding his taxes.

Furthermore, even if plaintiff's pleadings identify some claim relating to Donley's use of a W-4 form, plaintiff has already filed a federal lawsuit against Donley's seeking damages in connection with his W-4 form and Donley's withholding of his taxes.  In *Harris v. Donley's Incorporated*, No. 1: 22-cv-1906, 2023 WL 423242 (N.D. Ohio Jan. 26, 2023), plaintiff contended Donley's should not have withheld income taxes from his wages even though the IRS disagreed with plaintiff's belief, as represented on his form, that he was exempt from such taxation.  The Court dismissed plaintiff's prior action for failure to state a claim.

The doctrine of claim preclusion "prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject of a previous action."  *Ohio ex rel. Boggs v. City of Cleveland*, 655 F.3d 516, 519 (6th Cir. 2011) (citation omitted).  The doctrine bars actions where there is (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject

-3-

matter of the previous action. *Id.*, citing *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir.1997).

Plaintiff's filings on their face suggest this action is barred by claim preclusion, as he has already sued Donley's in connection with his representations on his W-4 form and Donley's withholding of his taxes; any claims plaintiff purports to raise could have been raised in the prior lawsuit; and Judge Fleming dismissed plaintiff's prior action on the merits.

### Conclusion

For all of the reasons stated above, Donley's Motion to Dismiss (Doc. No. 4) is granted, plaintiff's Motion to Amend (Doc, No 11) is denied,[1] and this action is dismissed pursuant to Fed. R. Civ. P. 12(b)(6). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated:  10/30/23

---

[1]

A motion for leave to amend a complaint is properly denied where amendment would be futile. *Midkiff v. Adams Cnty. Regional Water District*, 409 F.3d 758, 771 (6th Cir. 2005).

-4-